LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA MENDEZ, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV19-01176<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)** |

1. Plaintiff DEBRA MENDEZ ("Plaintiff") complains and alleges:

**INTRODUCTORY ALLEGATIONS**

2. This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

3. Venue is properly within the Central District of California pursuant to 29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this

1  District, because Defendant resides in or may be found within this district, and because the ends of justice so require.

4. This action seeks damages for the denial of disability benefits under a group disability policy ("the Plan") established by Plaintiff's employer, Morrison & Foerster ("MoFo"), and funded and administered by Defendant UNUM Life Insurance Company of America ("UNUM"), Policy Number 144962-012.

5. Plaintiff seeks benefits, attorneys' fees and costs, interest, and other appropriate relief for the improper, erroneous and illegal denial of disability benefits owed to Plaintiff, a participant and beneficiary of the Plan.

## THE PARTIES AND THEIR RELATIONSHIPS

6. Plaintiff is, and at all times herein mentioned was, a resident and citizen of the State of California, County of Los Angeles. At all relevant times, Plaintiff was a participant and beneficiary of the Plan.

7. At all relevant times, the Plan was a group benefit plan that provided Plaintiff with protection against the risk of disability. Plaintiff was an active employee of MoFo and was enrolled at all relevant times in the Plan.

8. The Plan that is the subject of this action is and was an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) sponsored by and established by MoFo for the purpose of providing peace of mind and security to its participants in the event that, among other things, a participant or beneficiary of the Plan should suffer disability.

9. UNUM Life Insurance Company of America is an insurance company authorized and licensed to conduct, and is indeed conducting, the business of insurance in the State of California. Plaintiff is informed and believes, and thereon alleges, that UNUM is a corporation domiciled in the State of Maine.

**Complaint**

**FIRST CAUSE OF ACTION**

**FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS**

**(Against All Defendants)**

10. The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

11. The disability Plan established by MoFo was funded and administered by UNUM.

12. Plaintiff paid all premiums due for the disability coverage under the Plan.

13. Plaintiff and all participants in her group are eligible until the "the end of the month in which you no longer are in active employment except as provided under the covered layoff or leave of absence provision."

14. The Plan provides short-term disability ("STD") and long-term disability ("LTD") benefits.

15. The STD benefits have no elimination period.

16. The LTD elimination period is 90 days from the onset of disability.

17. Plaintiff is informed and believes and thereon alleges that the STD benefits are 100% of pre-disability income.

18. Plaintiff is informed and believes and thereon alleges that the LTD benefits are 60% of pre-disability income.

19. STD benefits are paid by UNUM for 90 days from the onset of disability.

20. LTD benefits are payable until the end of the disability or when Plaintiff reaches her Social Security Normal Retirement Age, whichever comes first.

21. Plaintiff is eligible for disability benefits if disabled from Plaintiff's own occupation for the elimination period and the first 24 months of the LTD period. After that, Plaintiff is entitled to further LTD benefits if Plaintiff is unable

1  to perform with reasonable continuity any occupation for which Plaintiff is
2  reasonably suited in light of Plaintiff's training, education, and experience.

3  22. Plaintiff job at MoFo requires a great deal of mental acuity and is very
4  stressful.

5  23. Plaintiff was in active employment at MoFo in August 2017. She was
6  an eligible employee at MoFo until September 15, 2017.

7  24. On or about August 30, 2017, the onset of Plaintiff's disability
8  commenced.

9  25. Plaintiff had to cease work due to problems with her knees.

10 26. On or about September 18, 2017, Plaintiff was notified that her STD
11 claim was approved by UNUM. STD benefits were paid by UNUM only through
12 September 15, 2017, instead of the full 90 days since the onset of disability.

13 27. UNUM waived and/or is estopped from asserting any issues regarding
14 eligibility.

15 28. On or about September 19, 2017, Plaintiff was diagnosed with
16 glaucoma by Ron Gutmark, M.D.

17 29. Plaintiff's disability has been certified since the onset by Michael
18 Puniak, M.D.

19 30. Plaintiff underwent surgery on or about November 13, 2017, for
20 emergency removal of a cyst. She was in the hospital for two days and treated by
21 Jeff Shapiro, M.D.

22 31. On or about November 27, 2017, the elimination period ended, but
23 UNUM still has not made a decision on Plaintiff's LTD claim. UNUM stopped
24 paying STD benefits without explanation.

25 32. On January 18, 2018, UNUM advised Plaintiff that it was evaluating
26 her LTD claim and not just her STD claim.

27 33. On or about February 16, 2018, UNUM wrote to Plaintiff that it had
28 still not made a decision on Plaintiff's LTD claim and did not pay any LTD

**Complaint**

1 benefits.

2     34. On or about February 22, 2018, Demetrio Hechanova, M.D.,
3 evaluated Plaintiff and recommended knee replacement surgery.

4     35. On or about March 16, 2018, UNUM wrote to Plaintiff that it had still
5 not made a decision on Plaintiff's LTD claim and did not pay any benefits.

6     36. On or about March 22, 2018, UNUM denied the LTD claim and did
7 not pay any further STD benefits.

8     37. On or about August 3, 2018, Dr. Puniak wrote a letter explaining why
9 Plaintiff was disabled. Dr. Puniak noted the objective radiographic findings that
10 supported his conclusion.

11     38. On or about September 7, 2018, Richard Shubin, M.D., diagnosed
12 Plaintiff with sleep apnea.

13     39. On or about September 11, 2018, Plaintiff appealed the denial of her
14 STD and LTD claims.

15     40. Thomas Bryan, M.D. also certified that Plaintiff was disabled. On
16 October 3, 2018, he found that Plaintiff's knee pain was a 9 out of 10. Dr. Bryan
17 recommended surgery, noting that Plaintiff's cane and crutches did not alleviate
18 her issues.

19     41. On or about October 26, 2018, UNUM rejected the appeal.

20     42. On or about November 12, 2018, Dana Robben-Folsom, PA-C, and
21 Cynthia Stuart, M.D., noted that Plaintiff has taken over 70 courses of prescription
22 medications to treat her medical conditions.

23     43. The Plan required payment of benefits within the jurisdiction of the
24 above-entitled Court for a total amount to be shown at the time of trial.

25     44. The Plan was entered into within the jurisdiction of the above-entitled
26 Court.

27     45. Plaintiff has pursued and exhausted all administrative appeals, which
28 the Plan and Defendants denied.

— 5 —

**Complaint**

46. Defendants have not paid all of the STD that are owed under the Plan and have considered and refused to pay any LTD benefits to Plaintiff.

47. As a direct and proximate result of Defendant's refusal to honor the terms of the Plan, Plaintiff has suffered contractual damages under the and other incidental damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For benefits payable under the Plan to reimburse Plaintiff, a beneficiary and participant of the Plan, less amounts previously paid, plus interest;

2. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

3. For pre-judgment interest at the appropriate rate; and

4. For such other relief as the court deems appropriate.

Dated: February 15, 2019     LAW OFFICES OF CHRISTIAN J. GARRIS

By: _____
     Christian J. Garris, Esq.

Attorneys for Plaintiff

**Complaint**